UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEAN PARKS,<br><br>    Plaintiff,<br><br>    v.<br><br>T. PETERSON, R.N., and REYES, M.D,<br><br>    Defendants.<br>_____/ | No. C-12-1352 EMC (pr)<br><br><br><br>**ORDER OF SERVICE** |

## I.    INTRODUCTION

Steven Dean Parks, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.    BACKGROUND

In his complaint, Parks alleges the following: He was transferred from a prison in Corcoran to San Quentin State Prison on April 5, 2011. While at the prison in Corcoran, a prison doctor had issued a "chrono" (*i.e.*, a permission slip) requiring him to have a lower bunk bed. Upon Parks' arrival at San Quentin, Dr. Reyes refused to honor the lower bunk chrono or renew the chrono. T. Peterson, a registered nurse, helped deprive him of the lower bunk bed by falsely writing that he failed to cooperate when he attempted to obtain the chrono by filing an inmate appeal.

## III.    DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

§ 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Liberally construed, the complaint states a cognizable § 1983 claim against Defendants Reyes and Peterson for deliberate indifference to Parks' medical needs. These Defendants allegedly caused Parks not to receive the lower bunk bed he earlier had been permanently authorized to have.

Although her actions apparently occurred in the administrative appeal process, nurse Peterson's potential liability is for the alleged Eighth Amendment violation. The Due Process Clause does not provide a separate source of potential liability for her. There is no constitutional right to a prison administrative appeal or grievance system in California. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); Cal. Code Regs. tit. 15, §§ 3084.1. Parks had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process.

///

///

### IV. CONCLUSION

1. The complaint states a cognizable § 1983 claim against Dr. Reyes and nurse Peterson for deliberate indifference to Parks' medical needs. All other Defendants and claims are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following individuals, both of whom apparently work on the medical staff at San Quentin State Prison: (1) Dr. Reyes, and (2) T. Peterson, R.N.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **August 31, 2012**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **September 28, 2012**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

   > The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

3

Plaintiff also should take note that a Defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

       c.     If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **October 12, 2012**.

    4.     All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

    5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

///
///
///
///
///
///

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

8. Plaintiff should attempt to write more neatly on future filings – some of the writing on the complaint and attachments was difficult to read.

IT IS SO ORDERED.

Dated: June 18, 2012

_____
EDWARD M. CHEN
United States District Judge

5