UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN DEAN PARKS,   No. C-12-1352 EMC (pr)

    Plaintiff,

    v.

T. PETERSON, R.N., and REYES, M.D,

    Defendants.
_____/

**ORDER EXTENDING DEADLINES AND DENYING APPOINTMENT OF COUNSEL**

Defendants' request for an extension of time to file a dispositive motion is **GRANTED**. (Docket # 11.) The Court now sets these new deadlines for the dispositive motion:

    a.    No later than **November 22, 2012**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, Defendants must so inform the Court prior to the date the motion is due.

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed and served no later than **January 4, 2013**.

    c.    Defendants' reply brief, if any, must be filed and served no later than **January 18, 2013.**

Although the Court provided a *Rand* notice regarding summary judgment in the order of service, the Ninth Circuit now requires that Plaintiff be provided a *Rand* notice regarding summary judgment at the time a motion for summary judgment is filed. *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012). If Defendants file a motion for summary judgment, they must provide the *Rand* notice to Plaintiff at the time they file a motion for summary judgment.

Plaintiff has requested that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. The request for appointment of counsel is **DENIED**. (Docket # 9.)

IT IS SO ORDERED.

Dated: September 13, 2012

_____
EDWARD M. CHEN
United States District Judge