UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br>STEVEN DEAN PARKS,<br>            Plaintiff. | Case No. 12-cv-01352-EMC<br>Case No. 12-cv-05094-EMC<br>Case No. 12-cv-06018-EMC<br>Case No. 12-cv-06140-EMC<br>Case No. 13-cv-02489-EMC<br>Case No. 13-cv-04048-EMC<br>Case No. 13-cv-05215-EMC<br><br>**ORDER DENYING MOTION TO VACATE FILING FEE OBLIGATIONS** |

Steven Dean Parks, an inmate at San Quentin State Prison, filed the seven listed civil cases and applied in each to proceed *in forma pauperis*. His *in forma pauperis* applications were granted several years ago, and he was put on the payment schedule required by 28 U.S.C. § 1915(b). One of the features of the payment schedule is that the prisoner is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.* at § 1915(b)(2). The cases have long been closed, but the filing fee obligations live on.

Mr. Parks now moves to vacate the filing fee obligation in each of the listed cases. He urges that he never agreed to have 100% of his inmate trust account funds taken and therefore (in his view) taking the funds is a breach of contract and theft. *See* Docket No. 41 in Case No. 12-cv-1352. An inmate trust account statement attached as an exhibit to his motion shows that Mr. Parks received a $40.00 deposit in his inmate trust account in September, whereupon five $8.00 "encumbrances" were put on the account. *Id.* at 5. Mr. Parks indicates that each encumbrance was used to reduce a filing fee in a case. Thus, of the $40.00 deposit credited to the account, 20% (or $8.00) was deducted to pay a filing fee – and that this was done five times to be applied to the

filing fees in five different cases he had filed.

Mr. Parks is not entitled to have the filing fee obligation vacated in any of the cases. As a result of the fact that Mr. Parks filed a lot of cases, he owes a lot of filing fees. The withdrawal of 20% of the income credited to the prisoner's account is required by 28 U.S.C. § 1915(b)(2), which provides that the prisoner is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Mr. Parks' obligation exists because of the statute; thus, the taking of funds from his account does not amount to a theft or a breach of contract. Insofar as he is attempting to urge that prison officials should only take a total of 20% each month of the deposits so that he only has to pay off the obligation for one filing fee at a time, the argument fails because the Supreme Court has specifically rejected that interpretation of the statute. "[Section] 1915(b)(2) calls for simultaneous, not sequential recoupment of multiple filing fees." *Bruce v. Samuels*, 136 S. Ct. 627, 631 (2016); *see also id.* at 631, 633 (rejecting argument that the possibility that an inmate's "account might be reduced to zero upon his filing or joining a fifth case" shows that only 20% in total can be withdrawn in a month). In other words, prison officials are allowed to withdraw 20% for each case filed *in forma pauperis* until the obligation for that case is satisfied. Mr. Parks' motion to vacate the filing fee obligations is **DENIED**. Docket No. 41 in Case No. 12-cv-1352; Docket No. 41 in Case No. 12-cv-5094; Docket No. 16 in Case No. 12-cv-6018; Docket No. 19 in Case No. 12-cv-6140; Docket No. 14 in Case No. 13-cv-2489; Docket No. 29 in Case No. 13-cv-4048; and Docket No. 9. in Case No. 13-cv-5215.

**IT IS SO ORDERED**.

Dated: November 26, 2019

_____
EDWARD M. CHEN
United States District Judge